IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLOVER STAFFING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-1251 |
| | § | |
| JOHNSON CONTROLS WORLD | § | |
| SERVICES INC. | § | |
| Defendant. | § | |

**ORDER**

Plaintiff Clover Staffing, Inc. ("Clover") has filed a motion for this court to reconsider its previous order granting summary judgment to Johnson Controls World Services, Inc. ("JCI") on certain claims. (Docket Entry No. 73). Clover argues that this court improperly granted JCI's summary judgment motion on Clover's tortious interference with prospective business relations and fraud claims. JCI has responded. (Docket Entry No. 74). After reviewing the motion and response, the pleadings, the record, and the applicable law, this court denies Clover's motion for reconsideration, for the reasons explained below.

A motion filed under Rule 59(e) of the Federal Rules of Civil Procedure should be granted only if the moving party establishes: (1) an intervening change in controlling law; (2) discovery of new evidence previously unavailable; or (3) to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Clover does not point to new evidence or a change in the law since this court's

previous order. Clover argues that the memorandum and opinion on summary judgment rested on clear errors of law in two respects.

Clover first argues that this court improperly relied on JCI's affirmative defense of justification, which applies solely to a tortious interference with existing contract claim, in analyzing Clover's tortious interference with prospective business relations claim. (Docket Entry No. 73 at 3). This court's prior opinion does not support Clover's argument. In that opinion, this court noted that "[t]he defenses of justification and privilege may be raised to rebut a claim of tortious interference with prospective business relations 'only to the extent that they are defenses to the independent tortiousness of the defendant's conduct.' " (Docket Entry No. 71 at 35 (citing *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 727 (Tex. 2001)). This court addressed Clover's specific argument and the case, *Sturges*, on which Clover relies. JCI had presented undisputed summary judgment evidence that Cam Nerdahl's assertions that Clover breached the noncompete provision of the contract—the basis of Clover's tortious interference with prospective business relations claim—had a good faith basis. This evidence as a matter of law negated the claim elements of falsity and JCI's knowledge of such falsity; Clover did not present or identify evidence that created a triable issue of fact material to determining whether Nerdahl, on JCI's behalf, intentionally provided Clover false information. These failures of proof were, and are, fatal to Clover's tortious interference with prospective business relations claim. This court relied on these failures of proof, not the justification defense, in granting JCI's motion for summary judgment on this issue.

Clover next argues that this court improperly truncated its analysis of Clover's fraud claim relating to JCI's alleged rebate program. Specifically, Clover claims that this court failed to recognize the duty JCI owed Clover with respect to the rebate program. (Docket Entry No. 73 at 4). In the summary judgment opinion, however, this court noted that the record showed that when JCI and Clover executed the contract, JCI's Integrated Facilities Management Division did not have a rebate program. (Docket Entry No. 71 at 26–27). Clover has not identified or presented newly-discovered evidence inconsistent with this fact. Because JCI had no rebate program at the relevant time, JCI's alleged failure to disclose the rebate program cannot form the basis of a fraud claim. Clover's argument does not require reconsideration of this ruling.

This court addressed the absence of a fiduciary duty between JCI and Clover in the summary judgment analysis, but declined to address Clover's "partial disclosure" theory as a third alternative basis for granting JCI summary judgment on this issue. Because Clover reiterates this argument in its motion for reconsideration, it is addressed here. Clover argues that JCI failed fully to disclose its rebate program when it provided a customer, BP, with a list of "preferred providers" with which JCI had arrangements (some with rebates). Clover does not contend that JCI made a partial disclosure *to Clover* that JCI failed to explain fully. Clover has not pointed to an affirmative statement about the rebate program on which it reasonably relied, to its detriment. Clover has not identified facts supporting an inference that JCI had a duty to disclose additional information to alleviate a "misunderstanding" Clover had formed about the alleged rebate program. *Cf. Hoggett v. Brown*, 971 S.W.2d 472,

487 (Tex. App. – Houston [14th Dist.] 1997, pet. denied) (noting that a duty to disclose arises "(1) when there is a fiduciary duty relationship; (2) when one voluntarily discloses information, the whole truth must be disclosed; (3) when one makes a representation, new information must be disclosed when that new information makes the earlier representation misleading or untrue; and (4) when one makes a partial disclosure and conveys a false impression"). As noted, JCI has provided undisputed summary judgment evidence that no rebate program was in effect during the relevant period.

Clover's motion for reconsideration is denied.

SIGNED on April 18, 2006, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge